Louis Arrigoni, Appellee, v. C. Strassheim, Sheriff, and George J. Cooke Company, Appellants.

Gen. No. 22,793. (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. HARRY C. MORAN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1916. Reversed and remanded. Opinion filed October 9, 1917.

### Statement of the Case.

Action by Louis Arrigoni, plaintiff, against C. Strassheim, sheriff of Cook county, and George J. Cooke Company, a corporation, defendants, to recover damages for the alleged wrongful levy of execution, or abuse of process, by such sheriff. From a joint judgment for $500 against the sheriff, Strassheim, and the execution creditor, George J. Cooke Company, such defendants appeal.

JOHN C. SLADE, for appellants.

SAUNDERS, RAMSEY & THOMPSON, for appellee.

MR. PRESIDING JUSTICE BARNES delivered the opinion of the court.

### Abstract of the Decision.

1. TRIAL, § 216*—*what evidence determines rights of defendant under motion for directed verdict.* Where the defendants at the close of the plaintiff's evidence move for directed verdict, the evidence at such time must be considered in determining the defendants' rights under the motion.

2. EXECUTION, § 312*—*when presumed that execution creditor directed officer to levy in accordance with process.* In an action against a sheriff and an execution creditor to recover for alleged wrongful levy of execution, or abuse of process, by the sheriff, *held*

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

that it would be presumed, in the absence of evidence tending to show participation by the execution creditor in the claimed trespass or knowing approval and ratification of the act, that it merely directed the officer to levy on property of the judgment debtor in accordance with the process.

3. EXECUTION, § 312*—*when execution creditor responsible for trespass by sheriff making wrongful levy of execution.* To render an execution creditor responsible for a sheriff's alleged trespass in making a wrongful levy of execution, it is necessary to prove that the execution creditor through some authorized agent advised, directed or encouraged the abuse of the process complained of, or, knowing of its abuse and for its own benefit, ratified it, and this must be proved by legitimate evidence.

4. EXECUTION, § 309*—*what essential to show ratification by creditor of abuse of process.* The receipt by attorneys for an execution creditor of money paid, which is obtained under a wrongful execution levied by a sheriff, does not constitute ratification by the execution creditor as principal, unless it is shown that such execution creditor had knowledge of the material facts and circumstances of the tort of which the proceeds were the fruits.

5. APPEAL AND ERROR, § 1793*—*when joint judgment erroneous as to both defendants.* Where a joint judgment in an action against a sheriff and an execution creditor for damages for abuse of process in wrongful levying of an execution is erroneous as to the execution creditor, it is likewise erroneous as to the other defendant, and must be reversed.